UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

VINCENT SCHWENT and DEBRA SHAPIRO SCHWENT,

    Plaintiffs,

v.

THE NATURAL RESOURCE CONSERVATION SERVICE, et al.,

    Defendants.

CASE NO. C16-5708BHS

ORDER GRANTING FEDERAL DEFENDANTS' MOTION TO DISMISS AND DENYING DEFENDANTS WILLETS' MOTION TO DISMISS

This matter comes before the Court on Defendants Natural Resource Conservation Service ("NRCS") and David Kreft's (collectively "Federal Defendants") motion to substitute and dismiss (Dkt. 15) and Defendants Rita Willets and Ward Willets' ("Willets") motion to dismiss (Dkt. 17). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby rules as follows:

**I. PROCEDURAL HISTORY**

On August 12, 2016, Plaintiffs Vincent Schwent and Debra Shapiro Schwent ("Schwents") filed a complaint against the Federal Defendants and the Willets. Dkt. 1. On August 17, 2016, the Schwents filed an amended complaint for trespass, nuisance, constitutional tort, and breach of easement agreement. Dkt. 7. The Schwents request compensatory damages, injunctive relief, and attorney's fees and costs. *Id.*

ORDER - 1

On October 20, 2016, the Federal Defendants moved to substitute the United States of America for the Federal Defendants, to dismiss all non-tort claims, to dismiss the named Federal Defendants, and to dismiss the requests for injunctive relief.  Dkt. 15.  On October 28, 2016, the Willets filed a motion to dismiss.  Dkt. 17.  On November 8, 2016, the Schwents responded to both motions and filed a second amended complaint.  Dkts. 20, 21.  On November 14, 2016, the Federal Defendants replied and moved to strike the second amended complaint.  Dkt. 22.  On November 21, 2016, the Willets replied.  Dkt. 23.

## II. FACTUAL BACKGROUND

In October 2013, the Schwents purchased property adjacent to the Willets' property.  Dkt. 7, ¶¶ 1.1, 3.1.  After the 2014-2015 winter, a field on the Schwents' property began to flood.  *Id*. ¶ 3.5.  The Schwents claim that the excess water is coming from the Willets' property.  *Id*. ¶ 1.1.  After investigation, the Schwents discovered that the NRCS holds a conservative easement over portions of the Willets' property and that this portion of the property contains a beaver colony with numerous beaver dams.  *Id*. ¶¶ 3.6–3.8.  The Schwents assert that the excessive water coming from the beaver dams constitutes a taking of their property without just compensation, acts as a nuisance, establishes trespass by nuisance, and violates the easement agreement.  *Id*. ¶¶ 4.1–4.2.

## III. DISCUSSION

**A.  Motion to Strike**

The Federal Defendants move to strike the Schwents' second amended complaint because it was improperly filed.  Dkt. 22 at 1–2.  The Court agrees that this complaint

was improper. A party may only amend its pleading once as a matter of course. Fed. R. Civ. P. 12(a)(1). Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 12(a)(2). In this case, the Schwents filed an amended complaint, Dkt. 7, and then filed another amended complaint without the opposing party's consent or leave of court. Therefore, the Court strikes the second amended complaint (Dkt. 20).

**B.    Motion to Substitute**

The Federal Defendants move to substitute the federal government as the named government defendant. Dkt. 15. The Schwents do not oppose the motion, and the substitution appears proper. *See* 28 U.S.C. § 2679. Therefore, the Court grants the motion, and the Clerk shall add the United States of America as a party and terminate the Federal Defendants.

**C.    Willets' Motion to Dismiss**

Motions to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under such a theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295, 1301 (9th Cir. 1983). To survive a motion to dismiss, the complaint does not require detailed factual allegations but must provide the grounds for entitlement to relief and not merely a "formulaic recitation" of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1965 (2007). Plaintiffs must allege "enough facts to state a

claim to relief that is plausible on its face." *Id.* at 1974.  When deciding a motion to dismiss, the Court's consideration is limited to the pleadings. Fed. R. Civ. P. 12(d).

In this case, the Willets argue that the Schwents fail to state a claim for nuisance or trespass.  Dkt. 17.  However, the facts as pled state a claim for relief.  First, "[n]uisance is a substantial and unreasonable interference with the use and enjoyment of land."  *Grundy v. Thurston Cty.*, 155 Wn.2d 1, 6 (2005).  While the Willits may ultimately submit evidence to show that the interference is not unreasonable or is otherwise unavoidable, the Court's review for the current motion is limited to the allegations in the pleadings.  Accordingly, the Court denies the motion on this issue because the Schwents have alleged an unreasonable interference with the use and enjoyment of their land.

Second, trespass can occur by the deposit of excess water on another's property. *See*, *e.g.*, *Borden v. City of Olympia*, 113 Wn. App. 359, 373 (2002).  The facts as pled allege a deposit of excess water on the Schwents' property.  Therefore, the Court denies the Willets' motion.

Finally as to the Willets, the Court notes that the complaint barely squeaks by a motion to dismiss.  It appears likely, though not definite, that a dispositive motion highlighting the relevant Washington authorities on these torts and supported by proper evidence would resolve these matters for the Willets.  Almost every case cited in the Willets brief, including *Bracey v. King*, 199 Ga. App. 831 (1991), addressed either summary judgments or final judgments.

### D.  Government's Motion

The Government argues that the Schwents' inverse condemnation claim and breach of the easement claim must be dismissed for any amount over $10,000. Dkt. 15 at 9–11. The Schwents provide no plausible response. Instead, they argue that the Court has supplemental jurisdiction over these claims under 28 U.S.C. 1367. Dkt. 21 at 12. While that statute grants the Court discretion to hear claims that are part of the same case or controversy as the claims within the original jurisdiction of the Court, the Ninth Circuit has held that § 1367 "cannot operate as a waiver of the United States sovereign immunity." *Dunn & Black, P.S. v. United States*, 492 F.3d 1084, 1088 n.3 (9th Cir. 2007). Accordingly, the Court grants the Government's motion and dismisses these claims without prejudice because the Schwents could possibly state a claim if they limited damages to $10,000.

## IV. ORDER

Therefore, it is hereby **ORDERED** that Federal Defendants' motion to substitute and dismiss (Dkt. 15) is **GRANTED** and the Willets' motion to dismiss (Dkt. 17) is **DENIED**. The Schwents are granted leave to amend their complaint to correct the deficiencies identified in this order.

Dated this 17th day of January, 2017.

BENJAMIN H. SETTLE  
United States District Judge