UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| VINCENT SCHWENT, et al.,<br><br>                Plaintiffs,<br><br>    v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>                Defendants. | CASE NO. C16-5708 BHS<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DISMISSING REMAINING CLAIMS FOR LACK OF JURISDICTION |

This matter comes before the Court on the United States of America's ("Government") motion to dismiss. Dkt. 37. The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby grants the motion. The Court also dismisses Plaintiffs' claims against Defendants Rita and Ward Willets (the "Willets") because it lacks jurisdiction.

## I. PROCEDURAL HISTORY

On August 12, 2016, Plaintiffs Vincent Schwent and Debra Shapiro Schwent ("Plaintiffs") filed a complaint against the Government and the Willets. Dkt. 1. On August 17, 2016, Plaintiffs filed an amended complaint for trespass, nuisance, constitutional tort, and breach of easement agreement. Dkt. 7. Plaintiffs requested compensatory damages, injunctive relief, and attorney's fees and costs. *Id.*

ORDER - 1

1       On October 20, 2016, the Federal Defendants moved to substitute the United States of America for the previously named Federal Defendants, to dismiss all non-tort claims, to dismiss the named Federal Defendants, and to dismiss the Plaintiffs' requests for injunctive relief. Dkt. 15. On October 28, 2016, the Willets filed a motion to dismiss. Dkt. 17.

      On January 17, 2016, the Court entered an order granting the Government's motion to dismiss. Dkt. 26 at 5. The Court dismissed Plaintiffs' claims against the Government on the basis that it lacked jurisdiction because the claims exceeded the applicable $10,000 jurisdictional cap. *Id.* The Court also granted Plaintiffs leave to amend because a claim could be stated if the complaint were amended to limit damages to $10,000. *Id.* In the same order, the Court denied the Willets' motion to dismiss. Dkt. 26 at 3–4.

      On August 24, 2017, Plaintiffs filed another amended complaint. Dkt. 36. In this most recent amended complaint, Plaintiffs bring claims against the Willits for trespass by waters and nuisance. *Id.* at 6. Additionally, Plaintiffs name the Government as "a necessary party under [Fed. R. Civ. P.] 19 as the easement holder such that any remedy other than or in addition to compensation that this court might order will require the concurrence of the United States . . . ." *Id.* at 2.

      On September 1, 2017, the Government again moved for dismissal. Dkt. 37. On September 20, 2017, Plaintiffs responded. Dkt. 38. On September 29, 2017, the Government replied. Dkt. 39.

## II. FACTUAL BACKGROUND

In October 2013, Plaintiffs purchased property adjacent to the Willets' property. Dkt. 36 at 3. After the 2014–2015 winter, a field on Plaintiffs' property began to flood. *Id*. Plaintiffs claim that the excess water is coming from the Willets' property. *Id*. After investigation, Plaintiffs discovered that the Government, through the Department of Agriculture, holds a conservation easement over portions of the Willets' property and that this portion of the property contains a beaver colony with numerous beaver dams. *Id*. at 4. Plaintiffs claim that the excessive water coming from the beaver dams acts as a nuisance, establishes trespass by nuisance, and violates the easement agreement. *Id.* at 4–5.

## III. DISCUSSION

While Plaintiffs have omitted any express reference to the Takings Clause in their amended complaint, they nonetheless name the Government as a necessary party on the basis that, in order to secure the requested relief, it will be necessary to obtain an order enforceable against the Government for the purpose of preventing the further deprivation of their rights in a property. Dkt. 36 at 2; Dkt. 38 at 3–4. This amounts to a takings claim, and "neither injunctive nor declaratory relief is available for a takings claim against the United States." *Bay View, Inc. v. Ahtna, Inc.*, 105 F.3d 1281, 1286 n. 6 (9th Cir. 1997). Furthermore, as already discussed in the Court's previous orders, the Court lacks jurisdiction to hear Plaintiffs' takings claim because the amount in controversy exceeds 10,000 dollars. 28 U.S.C. § 1346(a)(2). *McGuire v. United States*, 550 F.3d 903, 910–11 (9th Cir. 2008). To the extent Plaintiffs seeks a judgment that may be enforced against

the Government for use of its property resulting in an allegedly unlawful taking of their property, jurisdiction lies in the Court of Federal Claims, not here. 28 U.S.C. § 1491.

Additionally, the Court dismisses without prejudice Plaintiffs' claims against the Willets. "If the court determines at any time that it lacks subject-matter jurisdiction, the court *must* dismiss the action." Fed. R. Civ. P. 12(h)(3) (emphasis added). *See also Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002) ("Federal Rule of Civil Procedure 12(h)(3) provides that a court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action . . . ."). Plaintiffs' claims against the Willets arise exclusively under Washington State law, *see* Dkt. 36 at 6, and Plaintiffs have failed to provide a jurisdictional basis for pursuing them in this Court.

## IV. ORDER

The Government's motion to dismiss (Dkt. 37) is **GRANTED**. Any claims Plaintiffs assert against the Government are **DISMISSED without prejudice** to allow Plaintiffs to pursue their claims in the appropriate jurisdiction. Furthermore, because the Court lacks jurisdiction to hear Plaintiffs' remaining claims against the Willets, those claims are also **DISMISSED without prejudice** and the Clerk shall close this case.

**IT IS SO ORDERED**.

Dated this 19th day of October, 2017.

BENJAMIN H. SETTLE
United States District Judge